**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EMMANUEL BAXTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )        **Case No. 09-CV-431-TCK-TLW** |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner

Emmanuel Baxter, a state prisoner appearing *pro se*. Respondent filed a response to the petition

(Dkt. # 10), and provided the state court record necessary for resolution of Petitioner's claims (Dkt.

## 10, 11 and 12). Petitioner filed a reply (Dkt. # 15). For the reasons discussed below, the Court

finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

Just after midnight on August 23, 2005, Bernard Kasaka was shot four times outside Best

Deal Motors, located in Tulsa County, where he worked as an auto mechanic. Although one bullet

entered his head near his left ear and exited through his mouth and three more bullets struck him in

the back, he survived the shooting. Bernard lived with his wife, Catherine Kasaka, in a mobile home

behind Best Deal Motors. Both Bernard and Catherine used crack cocaine. Bernard was also a

confidential informant, providing information concerning drug dealers, including Teaire Curls, also

known as "Te-Te," to Special Agent Josh Petree of the Bureau of Alcohol, Tobacco, Firearms and

Explosives (ATF). At the scene of the shooting, before losing consciousness, Bernard stated

repeatedly that "Te-Te's cousin" shot him. After surgery, Bernard identified Petitioner Emmanuel

Baxter, also known as "E," as the man who shot him.  He also identified Te-Te's cousin, Deandre Martin, also known as "Dre," as having been present at the scene and involved in the events leading up to the shooting.

Based on those events, Petitioner and Deandre Martin were both charged with Shooting With Intent to Kill in Tulsa County District Court, Case No. CF-2005-3759.  The second page of the Amended Information alleged that Petitioner had five (5) prior felonies.  At the conclusion of a joint jury trial, both defendants were found guilty as charged.  Petitioner was also found guilty at the conclusion of a second stage proceeding of Shooting With Intent to Kill, After Former Conviction of Two or More Felonies, and the jury recommended a sentence of life imprisonment.  On June 26, 2006, the trial judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment.[1]  Petitioner was represented during trial proceedings by attorney Rick Couch.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised the following propositions of error:

Proposition 1:  The evidence presented at preliminary hearing was insufficient to establish one or more of the necessary elements of the offense charged, and the district court erred in failing to grant Appellant Baxter's motion to quash the information.

Proposition 2:  The evidence presented at trial was insufficient to establish the offense of shooting with intent to kill, and the district court erred in failing to grant Appellant Baxter's demurrer and motion for directed verdict.

Proposition 3:  State witnesses improperly testified about other violent acts or threats of violence, and the district court erred in failing to grant Appellant Baxter's motion for mistrial.

---

[1]      Deandre Martin, Petitioner's co-defendant, had no prior felony convictions.  He was sentenced to eighteen (18) years imprisonment as recommended by the jury. Mr. Martin was represented during trial by attorney John Harris.

2

Proposition 4:  Prosecutorial misconduct warrants reversal.

<u>See</u> Dkt. # 10, Ex. 1.  In an unpublished summary opinion, filed January 9, 2008, in Case No. F-2006-686 (Dkt. # 10, Ex. 3), the OCCA rejected each claim and affirmed the Judgment and Sentence of the district court.

On May 23, 2008, Petitioner filed a *pro se* application for post-conviction relief in the state district court. <u>See</u> Dkt. # 10, Ex. 4. He claimed that (1) he was denied the effective assistance of appellate counsel, and (2) he was deprived of a fair trial because the prosecutor exercised his peremptory challenges based on race.  <u>See</u> Dkt. # 10, Ex. 5.  He also requested transcripts at public expense and an evidentiary hearing.  <u>Id.</u> By order filed June 20, 2008, the state district court denied his application. <u>Id.</u> Petitioner appealed. <u>See</u> Dkt. # 10, Ex. 6. By order filed October 22, 2008, in Case No. PC-2008-677, <u>see</u> Dkt. # 10, Ex. 7, the OCCA affirmed the district court's denial of post-conviction relief.

On May 30, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies six (6) grounds for relief, as follows:

Ground 1:     The state trial court erred in denying Defendant's motion to quash the information on insufficient evidence, violated Petitioner's due process rights under the 14th U.S.C.A.; Okla. Const. Art. II, § 7.

Ground 2:     On insufficient evidence, Petitioner was convicted of Shooting With Intent to Kill in violation of Petitioner's 14th U.S.C.A. and Okla. Const. Art. II, §§ 7 due process of law rights.

Ground 3:     The State admitted other crime evidence at trial violating Defendant's due process fair trial rights. 14th USCA.

Ground 4:     Prosecutorial misconduct deprived Petitioner of a fair trial in violation of his due process rights. !$th [sic] Amend.

3

Ground 5:   Petitioner [sic] fair trial due process rights were deprived, denied, violated by the prosecutor's exercising of preempatory [sic] jury challenges based on race of the potential veniereman [sic]. 14th Amend.

Ground 6:   On direct appeal of state law rights, Petitioner's rights to effective counsel assistance and due process of law comporting appeal were deprived, denied and violated by appellant [sic] counsel omitting of the <u>Batson</u>, appellate ground of error from the direct appeal brief, and in lieu asserting 4 significantly weaker in merit, direct appellate ground of error. 6th and 14th.

<u>See</u> Dkt. # 1.  In response to the petition, Respondent asserts that Petitioner's claims are either not cognizable, procedurally barred, or do not justify relief under 28 U.S.C. § 2254(d). <u>See</u> Dkt. # 10.

## *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). <u>See Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).  Upon review of the petition and the state court record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA (grounds 1-4, and 6)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds 1-4 on direct appeal and the claim of ineffective assistance of appellate counsel, ground 6, on post-conviction appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1.  Sufficiency of the evidence at preliminary hearing (ground 1)**

As his first proposition of error, Petitioner claims that the State failed to meet its evidentiary burden at his preliminary hearing and that, as a result, the trial court erred in denying his motion to quash.  Petitioner raised this claim on direct appeal.  The OCCA, citing state law, found "[t]here was sufficient probable cause to bind Baxter over for trial, and the trial court's overruling of Baxter's Motion to Quash was not an abuse of discretion."  See Dkt. # 10, Ex. 3 at 2.

Petitioner's challenge to the sufficiency of the evidence presented at his preliminary hearing is not redressable by way of a habeas petition. A 28 U.S.C. § 2254 petition challenges the validity of a state prisoner's conviction and sentence, Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000), and the Supreme Court has long held that an "illegal arrest or detention does not void a subsequent conviction," Gerstein v. Pugh, 420 U.S. 103, 119 (1975). Because Petitioner was

5

ultimately convicted of Shooting With Intent to Kill, his challenge to the sufficiency of the evidence at his preliminary hearing cannot be grounds for habeas relief. <u>See</u> <u>Powers v. Dinwiddie</u>, 324 Fed. Appx. 702, 704-05 (10th Cir. 2009) (unpublished)[2] (citing <u>Montoya v. Scott</u>, 65 F.3d 405, 422 (5th Cir. 1995)).  Habeas corpus relief on ground one shall be denied.

### 2. Sufficiency of the evidence at trial (ground 2)

In his second proposition of error, Petitioner claims that the State presented insufficient evidence at trial to support his conviction for Shooting With Intent to Kill.  On direct appeal, Petitioner argued that the State failed to prove beyond a reasonable doubt that he planned or participated in the shooting of Bernard and that "[m]erely being present at the scene of the crime, or merely being aware that a crime has been committed, is not sufficient to hold a defendant criminally responsible for the crime." <u>See</u> Dkt. # 10, Ex. 1 at 22.  However, the OCCA rejected this claim, citing <u>Coddington v. State</u>, 142 P.3d 437, 455 (Okla. Crim. App. 2006), and <u>Spuehler v. State</u>, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), and finding that "[t]he trial evidence, viewed in the light most favorable to the State, was . . . sufficient to prove Baxter guilty of shooting with intent to kill beyond a reasonable doubt." <u>See</u> Dkt. # 10, Ex. 3 at 2.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).  "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." <u>Dockins v. Hines</u>, 374 F.3d 935,

---

[2]      This and any other unpublished opinion are cited herein for persuasive value.  <u>See</u> 10th Cir. R. 32.1(A).

939 (10th Cir. 2004) (citing <u>Jackson</u>, 443 U.S. at 319). In other words, it "impinges upon 'jury'

discretion only to the extent necessary to guarantee the fundamental protection of due process of

law." <u>Jackson</u>, 443 U.S. at 319.

The Court finds that the evidence was sufficient for a rational fact-finder to have found

beyond a reasonable doubt that Petitioner was guilty of Shooting With Intent to Kill.  Under

Oklahoma law, "[e]very person who intentionally and wrongfully shoots another with or discharges

any kind of firearm, with intent to kill any person, . . . shall upon conviction be guilty of a felony

punishable by imprisonment in the State Penitentiary not exceeding life." Okla. Stat. tit. 21, §

652(A). Upon review of the evidence in the light most favorable to the prosecution, the Court finds

sufficient evidence supported the elements of Shooting With Intent to Kill.  The State presented

evidence demonstrating that, just days before the shooting, Petitioner learned from Teaire Curls,

known as "Te-Te,"[3] that Bernard Kasaka had been "snitching" on them. <u>See</u> Dkt. # 12-2, Tr. Trans.

Vol. III at 549.  Kasaka, the shooting victim, testified that, just after midnight, Deandre Martin, Te-

Te's cousin, called him out of his trailer to take a look at a malfunctioning headlight on the car he

was driving, a 1997 Dodge Intrepid owned by Te-Te. <u>See</u> Dkt. # 12-1, Tr. Trans. Vol II at 351-52.

As they approached the car's rear bumper, Martin went to the left or towards the driver's side, while

Kasaka went to the right or toward's the passenger side. <u>Id.</u> at 354.  When Kasaka was near the car's

taillight, the first gunshot hit him in the head. <u>Id.</u> at 355. He turned and ran back, bumping into a

second man.  <u>Id.</u> at 382. As he ran, four more shots were fired, three of which hit him in the back.

<u>Id.</u> at 356. He fell down near a parked car, turned and looked back and saw Petitioner. <u>Id.</u> at 364-65.

---

[3]      Te-Te had been arrested and was in custody at the Tulsa County Jail when he telephoned
Petitioner to tell him that Kasaka had "snitched" on them. Telephone calls made by prisoners
at the jail are recorded.

Kasaka testified that Petitioner was the man who shot him. Id. at 365, 414-15. Simon Green, Kasaka's neighbor, testified that he had just arrived at his home, located across an alleyway behind Kasaka's trailer, when he heard gunshots.  Id. at 444. He looked through his blinds and saw Petitioner walking down the alleyway. Catherine Kasaka testified that after hearing gunshots, she ran out of the trailer and saw the 1997 Dodge Intrepid pull out of the parking lot onto 11th Street. Id. at 477.  She identified the driver of the car as Deandre Martin. Id. at 479. Based on that record, the Court concludes that the evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact).  Petitioner is not entitled to habeas corpus relief on this claim.

### 3.  Improper admission of "other crimes evidence" (ground 3)

As his third ground of error, Petitioner alleges that the trial court improperly allowed admission of other crimes evidence. See Dkt. # 1. Petitioner cites to his direct appeal brief for the facts supporting this claim. Id. On direct appeal, see Dkt. # 10, Ex. 1, Petitioner complained of two instances where the jury heard evidence of other crimes: (1) Bernard Kasaka's testimony concerning the possible involvement of Te-Te in the murder of a convenience store clerk, see Dkt. # 12-1, Tr. Trans. Vol. II at 339-40, and (2) Simon Green's testimony that at the preliminary hearing, an unidentified person threatened to kill him, see Dkt. # 12-2, Tr. Trans. Vol. III at 462.  The OCCA considered and rejected this claim on direct appeal.  According to the OCCA, "[t]he evidence challenged by Baxter did not violate the prohibition against other crimes evidence because the

challenged evidence did not involve other crimes or bad acts of the defendant.  We find no error here."  See Dkt. # 10, Ex. 3 at 3.

 "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010).  In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68. "In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (en banc)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted).

Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's admission of the alleged other crimes evidence.  Upon review of the trial transcripts, the Court agrees with the OCCA's determination that the challenged testimony did not involve other bad acts or crimes necessarily committed by Petitioner. Kasaka's testimony regarding the murder of a convenience store clerk concerned the involvement of Te-Te, not Petitioner.  In addition, as to Mr. Green's testimony concerning a threat made at the preliminary hearing, the trial judge admonished the jury to disregard Mr. Green's statement, specifically stating that "[t]here was no evidence about who [sic] he might have been referring to and so I would caution you not to interpret

9

what he said against anyone who is currently on trial here as he did not make any identification of it." See Dkt. # 12-2, Tr. Trans. Vol. III at 465.  In light of the general presumption that a jury follows a trial court's instructions, the Court finds that the trial court's admonition was sufficient to cure any error arising out of the comment made by Mr. Green. See Battenfield v. Gibson, 236 F.3d 1215, 1225 (10th Cir. 2001) (citing Weeks v. Angelone, 528 U.S. 225, 234 (2000)).  As a result, the challenged testimony did not render Petitioner's trial fundamentally unfair.  Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground three.

### 4.  Prosecutorial misconduct (ground 4)

Next, Petitioner complains that he was denied a fair trial by the prosecutor's improper conduct. Specifically, he complains that the prosecutor (1) "engaged in various acts of misconduct during voir dire in violation of Batson," (2) admitted other crimes evidence, and (3) commented on his failure to produce defense witnesses to support his alibi.  See Dkt. # 1.  Petitioner's Batson[4] claim is denied as procedurally barred in Part C below.  The claim concerning admission of other crimes evidence is discussed and rejected in Part B(3) above.  As to Petitioner's claim that the prosecutor improperly commented during closing argument on his failure to present defense witnesses to support his alibi, the OCCA denied relief on direct appeal, citing Trice v. State, 853 P.2d 203, 214 (Okla. Crim. App. 1993), and finding that "[t]he prosecutor's argument, commenting on Baxter's failure to produce . . . so-called alibi witnesses, was based on the evidence and was not error." See Dkt. # 10, Ex. 3 at 3.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair.

---

[4]       Batson v. Kentucky, 476 U.S. 79 (1986).

10

Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, the Court concludes that the prosecutor's comments regarding Petitioner's failure to produce alibi witnesses were not improper and did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. Agent Joshua Petree testified that when Petitioner came to the police station on the day after the shooting, he denied being involved and told the officers he was with his girlfriend that night. See Dkt. # 12-2, Tr. Trans. Vol. III at 538-39. During Petitioner's closing argument, defense counsel argued that no reliable evidence suggested that Petitioner was involved, see id. at 647, and pointed out that when he turned himself in to the police, Petitioner told them he "was over at Antonio's apartment." Id. at 653.  In his final closing, the prosecutor responded to defense counsel's argument by repeating defense counsel's statement that Petitioner gave the police an alibi, and then twice asked, "[w]here are they?" Id. at 664-65.  In light of that record, the Court agrees with the OCCA's conclusion that the prosecutor's comments were based on the evidence and were not error. Matthews v. Workman, 577 F.3d 1175, 1188 (10th Cir. 2009) (quoting Trice v. Ward, 196 F.3d 1151, 1167 (10th Cir. 1999)). Petitioner is not entitled to habeas corpus relief on his claims of prosecutorial misconduct.  28 U.S.C. § 2254(d).

11

**5.  Ineffective assistance of appellate counsel (ground 6)**

In ground 6, Petitioner claims that appellate counsel provided ineffective assistance in failing

to raise a claim based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  On post-conviction appeal, the

OCCA adjudicated this claim and denied relief as follows:

> The standard to be used in evaluating appellate counsel's performance is determined
> under the general principles enumerated in *Strickland v. Washington*, 466 U.S. 688,
> 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984). Petitioner must show that
> counsel's performance was deficient and that the deficiency prejudiced him.  We find
> nothing in the appeal record presented to this Court indicating that Petitioner's
> representation on direct appeal was deficient, or that the result in his case would have
> been different but for counsel's ineffective assistance.

(Dkt. # 10, Ex. 7 at 3).

To be entitled to habeas corpus relief on his claim of ineffective assistance of appellate

counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an

unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, a

defendant must show that his counsel's performance was deficient and that the deficient

performance was prejudicial. <u>Strickland</u>, 466 U.S. at 687; <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328

(10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below

the level expected from a reasonably competent attorney in criminal cases.  <u>Strickland</u>, 466 U.S. at

687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable

professional assistance." <u>Id.</u> at 688.  In making this determination, a court must "judge . . . [a]

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." <u>Id.</u> at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t

is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude

that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689.  To establish the second

12

prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).  A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

13

The Court agrees with the OCCA that Petitioner cannot satisfy either the deficient performance or the prejudice prong of the Strickland standard. The Court begins by reviewing the merits of the underlying Batson claim. In order to establish an equal protection violation under Batson, Petitioner must be able to prove that the prosecutor intentionally discriminated on the basis of race when exercising his peremptory challenges. See Sallahdin, 275 F.3d at 1225-26. The trial record reflects that after defense counsel objected to the prosecutor's peremptory challenge as to Mr. Barker, a black man, the prosecutor acknowledged that Petitioner is also black, see Dkt. # 10-8, relevant transcript pages, 172-73, and explained that the basis for his peremptory strike was that Mr. Barker said that he knew Petitioner. See id. The trial record also reflects that after defense counsel objected to the prosecutor's peremptory challenge as to Mrs. Greene, a black woman, the prosecutor explained that the basis for his peremptory strike was that Mrs. Greene had stated that her aunt used cocaine and expressed her opinion that you "can't believe anything they say." Id. at 218-19. Two of the State's key witnesses were the shooting victim, Bernard Kasaka, and his wife, Catherine Kasaka, both admitted crack cocain addicts. Therefore, the prosecutor had logical reasons for striking both Mr. Barker and Mrs. Greene.  Petitioner has failed to show that the prosecutor's reasons for striking Mr. Barker and Mrs. Greene were pretextual.

The Court finds Petitioner has not demonstrated that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes. As a result, the Batson challenge underlying Petitioner's claim of ineffective assistance of appellate counsel lacks merit and appellate counsel's failure to raise the claim on direct appeal does not amount to constitutionally ineffective assistance.  Hawkins, 185 F.3d at 1152. Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d) .

## C. Procedural bar (ground 5)

In ground 5, Petitioner claims that the prosecution violated <u>Batson</u> through the exercise of two peremptory challenges to remove African Americans from his jury. Petitioner first raised this claim on post-conviction appeal. Citing state law, the OCCA held that Petitioner waived the claim when he failed to raise it on direct appeal. <u>See</u> Dkt. # 10, Ex. 7 at 2.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes</u>, 46 F.3d at 985. A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's ground 5 is procedurally barred from this Court's review. In general, the OCCA's imposition of a procedural bar on a claim that could have been but was not raised on direct appeal is independent and adequate to preclude federal habeas review. <u>See</u> <u>Ellis v. Hargett</u>, 302 F.3d 1182, 1186 (10th Cir. 2002) (finding that Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). Therefore, federal habeas corpus review of Petitioner's ground five is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. <u>Coleman</u>, 501 U.S. at 750; <u>Demarest v. Price</u>, 130 F.3d 922, 941-42 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." <u>Murray v. Carrier</u>, 477 U.S.

15

478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise his defaulted claim on direct appeal. However, the Court has determined above that appellate counsel was not constitutionally ineffective. As a result, Petitioner's ineffective assistance of appellate counsel claim does not serve as "cause" to overcome the procedural bar. Mitchell v. Gibson, 262 F.3d 1036, 1057 (10th Cir. 2001) (stating that "[i]f the ineffective assistance claim itself has no merit, it cannot constitute cause for [a petitioner's] default in state court" (internal quotations omitted)).

Petitioner may also overcome the procedural bar applicable to his defaulted claim under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the

16

burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is actually innocent of the crime for which he was convicted. Therefore, Petitioner does not fall within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claim. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on ground five.

**D.  Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

17

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the claim on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondents shall be entered in this matter. A certificate of appealability is **denied**. The Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 12-5135.

**DATED** this 23rd day of October, 2012.

**TERENCE KERN**
**United States District Judge**

18